AURELIA GUZMÁN FELICIANO, Plaintiff and Appellee, *v.* PABLO CINTRÓN GONZÁLEZ, Defendant and Appellant; DIONISIA CINTRÓN GONZÁLEZ ET AL., Interveners and Appellants.

No. 7190.   Argued December 1, 1936.—Decided March 31, 1937.

*Leopoldo Tormes García* for appellants.   *Tomás Castillo León* and *Guillermo S. Pierluissi* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

This is an action of unlawful detainer brought by Aurelia Guzmán Feliciano against Pablo Cintrón González. It is

alleged in the complaint that the plaintiff obtained dominion title on two rural lots situated in the ward of Jácana, Yauco, by virtue of a deed of judicial sale executed by the Marshal of the District Court of Ponce on March 7, 1934. The plaintiff, who had been divorced from the defendant, requested a judicial liquidation of the conjugal partnership several years after her divorce, and obtained a judgment in her favor. In compliance with said judgment, the marshal executed the deed of judicial sale in favor of Mrs. Guzmán Feliciano.

It is further alleged in the complaint that the defendant has since then been in the actual possession of those lots without paying any rent.

The defendant denied the essential averments of the complaint and alleged that the said lots belong to Dionisia Cintrón González and Juan Nazario Ramírez, who acquired them by intestate inheritance from Felipe Nazario Ramírez. He further alleged that the plaintiff and defendant sold said lots to América Cintrón González, from whom the said Felipe Nazario had acquired them.

Dionisia Cintrón González and Juan Nazario Ramírez, who were allowed to intervene in the present suit, denied that the plaintiff was the owner of said properties, alleged that they inherited the same from Felipe Nazario Ramírez, and stated that in a suit brought by plaintiff against Pablo Cintrón González for maintenance and support of her legitimate daughter Adelina Cintrón Guzmán, the said properties were attached, and a proceeding to try the right thereto (*tercería*) was instituted by Felipe Nazario Ramírez, who obtained a judgment in his favor.

The lower court, considering that the allegations of the complaint had been proved, rendered judgment for plaintiff in the unlawful detainer suit.

The plaintiff, according to her evidence, married Pablo Cintrón González in the year 1899. In November 23, 1914, both spouses appeared before Notary Fernando B. Fornaris,

and declared in a notarial deed that the two lots described in the complaint, on one of which two frame houses have been built, belonged to the conjugal partnership. Some time afterward the plaintiff brought an action of divorce against said defendant and obtained judgment in her favor on April 1916. In June 1933, the plaintiff requested the judicial liquidation of the conjugal property. In December of said year, the District Court of Ponce rendered judgment compelling the defendant Pablo Cintrón González to transfer to the plaintiff the two lots involved in this suit, in full payment of the share of the latter in the said partnership. The marshal of the court, in representation of the defendant, awarded said immovables to the plaintiff and executed the corresponding deed. The defendant has always remained in possession of said properties and continues to occupy the same together with his sister Dionisia and of the latter's brother-in-law, Juan Nazario Ramírez, without paying any rent.

This is the evidence of the plaintiff. The evidence of the interveners tends to show that in May 1917, Felipe Nazario Ramírez and his wife Dionisia Cintrón González acquired the two properties in question by purchase from América Cintrón González, under a deed executed before Notary Angel Padró, of Mayagüez. The vendor stated in said deed that she had acquired said properties by purchase from Pablo Cintrón González and his wife Aurelia Guzmán Feliciano, by virtue of a private document signed on January 21, 1916. Felipe Nazario Ramírez died intestate, leaving as his sole heirs his wife, Dionisia Cintrón González, and his brother, Juan Nazario Ramírez, who, as we have said, are the interveners in this case. The latter, after taking possession of the said lots, permitted the defendant Pablo Cintrón González to remain on the same as a mere tenant at sufferance (*agregado*).

Plaintiff offered in evidence the record of civil suit No. 7645, an action of unlawful detainer at sufferance, brought

by Joaquín Díaz Díaz against Pablo Cintrón González, in the District Court of Ponce, to prove that the interveners are not the owners of the properties in question. In said record there is a deed executed by Felipe Nazario and his wife, Dionisia Cintrón González, whereby they sold to Joaquín Díaz, among other properties, the said immovables. To contradict this evidence Dionisia Cintrón González testified that she and her deceased husband sold those properties to Joaquín Díaz, to secure a debt for which their properties were attached. This testimony was corroborated by Joaquín Díaz himself, who testified that he received said properties as security.

We have seen that América Cintrón González stated that she acquired said properties by a purchase from Pablo Cintrón González and his wife Aurelia Guzmán Feliciano, who is the plaintiff in this case, under a private document. We have also seen that Felipe Nazario, who together with his wife bought these same properties from América Cintrón González, brought an intervention proceeding (*tercería*) when the plaintiff Aurelia Guzmán Feliciano attached the said properties in a suit brought against Pablo Cintrón González. The court, in deciding said intervention proceeding in favor of Felipe Nazario, stated that a private document executed by the spouses Pablo Cintrón González and Aurelia Guzmán Feliciano, who is the plaintiff in this case, in favor of América Cintrón González, concerning the sale of two houses and lots, was offered in evidence.

The interveners herein claim that the plaintiff is estopped to exercise this action of unlawful detainer, after having been defeated in the proceeding in reclamation brought against her by Felipe Nazario, the ancestor of the interveners.

This is a case in which evidence has been offered tending to show that the plaintiff herself, together with her husband, disposed by sale, of the properties which have given rise to this suit. The plaintiff, who has waited seventeen years after her divorce to claim her share in the conjugal partner-

190

ship and to attach these properties, has not offered any evidence to deny that she had parted with the said lots by sale to América Cintrón González. On the contrary, she has offered in evidence the deed by which Felipe Nazario and his wife sold to Joaquín Díaz the said properties, the former having derived his title from América Cintrón González, who in turn acquired them from Pablo Cintrón González and his wife, the plaintiff herein. Although this evidence was offered to deny that the interveners were owners, because the properties had been transferred to Joaquín Díaz, the truth is that the latter, whether an owner or having received the properties as security, derived his title from the same plaintiff and her husband, who appear transferring to América Cintrón González the properties which the latter sold to Felipe Nazario and his wife.

In view of the evidence presented by the plaintiff and that introduced by the defendant and the interveners, and in view also of the jurisprudence established by this court, we think that the dispossession sought does not lie and that the judgment appealed from should be reversed.

Mr. Chief Justice Del Toro took no part in the decision of this case.